UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CAROLYN PATTON

    Plaintiff,

V.                                        CIVIL ACTION NO

SCHLEE & STILLMAN, LLC

    Defendant.                         OCTOBER 19, 2009

## COMPLAINT

**FIRST COUNT:**

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Baltimore, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA, who has a place of business at 7091 Orchard Lake Road, Suite 270, West Bloomfield, MI 48322.

6. Defendant is a collector within the MCDCA.

7. Defendant failed to obtain a license as a collection agency as required

pursuant to Md. Ann. Code <u>Business Regulation</u> Collection Agencies § 7-301 et seq.

8 Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

9. In the collection efforts, the Defendant violated the FDCPA, inter alia, section 1692e, f and g.

10. Defendant mailed or caused to be mailed a demand letter without identifying the name of the creditor in violation of §1692 e, f and g.

11. Defendant shortened the validation of debts clause, mandated 30 days of dispute "within thirty days of receipt" rather than "within thirty days <u>after</u> receipt" in its initial demand letter, which violates the Plaintiff's right s pursuant to §1692e, f and g.

12. Defendant failed to obtain a Maryland Collection Agency License and deprived Plaintiff with the benefit of State review of the collection agency's credentials, in violation of §1692 f.

13. Defendant is mischaracterizing the amount, character and legal status of the amount allegedly owed by the Plaintiff to the creditor, in violation of §1692 e (2).

14. Defendant's demand letter stated the matter had been referred to their office for immediate action, which overshadowed the validation of debts clause, 30 days in which to dispute a debt, which Defendant also shortened by imitating language previously mention in Paragraph no. 11., in violation of §1692 e, f and g.

## SECOND COUNT:

15. The allegations of the First Count are repeated and realleged as if fully set forth herein.

16. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA");

## THIRD COUNT:

17. The allegations of the First Count are repeated and realleged as if fully set forth herein.

18. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

**WHEREFORE plaintiff respectfully requests this Court to:**

1. Award Plaintiff such damages as are permitted by Fair Debt Collection Practices Act, including $1,000 statutory damages against the defendant;

2. Award Plaintiff such damages as are permitted by the Maryland Consumer Debt Collection Act § 14-204 et seq., against the defendant;

3. Award Plaintiff such damages as are permitted by the Consumer Practices Act §13-301 et seq., against the defendant;

4. Award the Plaintiff costs of suit and a reasonable attorney's fee;

5. Award any further relief as this Court may provide.

THE PLAINTIFF

BY _____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com